KING, Judge,
dissenting.
I respectfully dissent.
The dispute between the Town of Melville (hereinafter Town) and Mar-Len of Louisiana, Inc. (hereinafter Mar-Len) and between the Town and Mar-Len’s surety, Safeco Insurance Company of America (hereinafter Safeco), involve different issues of fact and law.
The majority holds that the trial court was correct in finding that Safeco was attempting to collaterally attack the arbitration award between the Town and Mar-Len when Safeco attempted, in this litigation, to assert a defense that it was entitled to a pro-tanto release of its obligation to pay, as a surety, because of an overpayment or premature payments on the original contract between the Town and Mar-Len. Safeco was not a party to the arbitration proceeding. The record clearly reflects that the arbitration award, confirmed by court judgment, was in favor of the Town and against Mar-Len. This litigation is by the Town against Safeco. Safeco does not attempt to collaterally attack the arbitration award for a money judgment in favor of the Town against Mar-Len but is only .contesting execution of that same money *629 judgment against it as surety for Mar-Len. Safeco is entitled to assert all defenses which are personal to it against the Town when the Town attempts to obtain a money judgment against Safeco for the amount of the arbitration award against Mar-Len. The surety is not making a collateral attack on the judgment against the surety’s principal when it attempts to show that its own liability on its contract of suretyship does not extend to payment of the judgment which a judgment creditor of the surety’s principal seeks to enforce against the surety. Safeco is not precluded from raising defenses personal to it which were not at issue between the Town and Mar-Len in the arbitration or in the suit which confirmed the arbitration award. A judgment against a principal is not conclusive proof that the contract of suretyship binds the surety to pay the judgment against the surety’s principal.
The majority next disposes of Safeco’s contention that the trial court erred by not permitting Safeco to assert rescission of the contract between the Town and Mar-Len, based on error of cause, because the record contains no evidence that there are grounds for rescission of the principal obligation. This appeal arises out of a Motion for Summary Judgment and, as the majority notes, we were not provided in the record submitted for this appeal with a copy of the transcript of the arbitration between the Town and Mar-Len. Despite this fact the majority then speculates, without any evidence in the record before us, as to what was plausible and probable concerning the resolution of this same issue during the arbitration proceedings. I do not agree that this argument should be disposed of on this appeal on the basis of pure speculation where there is no evidence in the record to even support such speculation.
The majority also finds that the trial court did not err in finding no material issues of fact in this case and in granting the Town’s Motion for a Partial Summary Judgment on the basis of loose language contained in a memorandum of law, filed earlier by Safeco in the trial court in support of its exception of prematurity in this suit, which language stated that Safeco would be obligated to pay any claims against Mar-Len for breach of contract with the Town, if there was a determination that its principal, Mar-Len, breached its contract with the Town. While it is correct that this language appears in the memorandum of law, filed by the attorney for Safeco, this statement is neither a judicial admission nor a stipulated fact in this case. For this reason I do not believe that the majority is correct in disposing of this assignment of error on the basis of a statement in a brief. Safeco also raises the res nova issue of whether an arbitration award against a contractor is res judicata to the surety’s liability to the owner where there is a public work contract. The majority does not address this issue and disposes of it on the basis of the same statement made in the brief filed in the trial court. I do not believe that it is proper to dispose of issues on trial or appeal solely on the basis of statements made in a brief filed with the court, since a case can only be disposed of on the basis of evidence in the record.
For these reasons, I respectfully dissent from the majority’s affirmation of the trial court’s granting of the Town’s Motion for Summary Judgment rendering a partial summary judgment for money against Safeco. I would reverse the trial court’s judgment and remand the matter to the trial court for further proceedings.